# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:15-CV-376-GCM-DCK

| | |
|---|---|
| VALERIE R. HUMPHRIES, | ) |
| Plaintiff, | ) |
| | ) **MEMORANDUM AND** |
| v. | ) **RECOMMENDATION** |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion For Summary Judgment" (Document No. 7) and "Commissioner's Motion For Summary Judgment" (Document No. 9). This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(B). After careful consideration of the written arguments, the administrative record, and applicable authority, the undersigned will respectfully recommend that Plaintiff's "Motion For Summary Judgment" be denied; that the "Commissioner's Motion For Summary Judgment" be granted; and that the Commissioner's decision be affirmed.

## I.     BACKGROUND

Plaintiff Valerie R. Humphries ("Plaintiff"), through counsel, seeks judicial review of an unfavorable administrative decision on her application for disability benefits. (Document No. 1). On or about February 15, 2012, Plaintiff filed an application for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 405, alleging an inability to work due to a disabling condition beginning June 1, 2010. (Transcript of the Record of Proceedings ("Tr.") 14, 168-172). The Commissioner of Social Security (the "Commissioner" or "Defendant") denied Plaintiff's application initially on July 23, 2012, and again after

reconsideration on October 17, 2012. (Tr. 14, 99-107, 109-116). In its "Notice of Reconsideration," the Social Security Administration ("SSA") noted that Plaintiff's claim had been "independently reviewed by a physician and disability examiner in the State agency," and included the following explanation of its decision:

> The medical evidence shows that your condition is not severe enough to be considered disabling. You are able to think, act in your own interest, communicate, handle your own affairs, and adjust to ordinary emotional stresses without significant difficulties. We do not have sufficient vocational information to determine whether you can perform any of your past relevant work. However, based on the evidence in file, we have determined that you can adjust to other work. It has been decided, therefore, that you are not disabled according to the Social Security Act.

(Tr. 109).

Plaintiff filed a timely written request for a hearing on November 9, 2012. (Tr. 14, 117-118). On January 24, 2014, Plaintiff appeared and testified at a video hearing before Administrative Law Judge Daniel J. Driscoll (the "ALJ"). (Tr. 14, 32). Plaintiff appeared in Gastonia, North Carolina, and the ALJ presided over the hearing from Boston, Massachusetts. (Tr. 14, 30-62). In addition, Ralph E. Richardson, a vocational expert ("VE"), and Jan Dils, Plaintiff's attorney, appeared at the hearing. Id.

The ALJ issued an unfavorable decision on February 10, 2014, denying Plaintiff's claim. (Tr. 11-24). On April 4, 2014, Plaintiff filed a request for review of the ALJ's decision, which was denied by the Appeals Council on June 19, 2015. (Tr. 1-4, 10). The February 10, 2014 ALJ decision thus became the final decision of the Commissioner when the Appeals Council denied Plaintiff's review request. (Tr. 1).

Plaintiff's "Complaint" seeking a reversal of the ALJ's determination was filed in this Court on August 18, 2015. (Document No. 1). On September 3, 2015, the undersigned was assigned to this case as the referral Magistrate Judge.

Plaintiff's "Motion For Summary Judgment" (Document No. 7) and "Plaintiff's Memorandum In Support Of Motion For Summary Judgment" (Document No. 8) were filed January 4, 2016; and the "Commissioner's Motion For Summary Judgment" (Document No. 9) and "Memorandum In Support Of The Commissioner's Motion For Summary Judgment" (Document No. 10) were filed March 1, 2016. Plaintiff has declined to file a reply brief and the time to do so has lapsed. See "Social Security Briefing Order," Case No. 3:13-mc-198-FDW, Document No. 1 (W.D.N.C. Dec. 23, 2013).

The pending motions are ripe for disposition, and therefore, a memorandum and recommendation to the Honorable Graham C. Mullen is now appropriate.

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision; and (2) whether the Commissioner applied the correct legal standards. Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

The Fourth Circuit has made clear that it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner – so long as that decision is supported by substantial evidence. Hays, 907 F.2d at 1456 (4th Cir. 1990); see also, Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012). "Substantial evidence has been defined as 'more than a scintilla and [it] must do more than

create a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

Ultimately, it is the duty of the Commissioner, not the courts, to make findings of fact and to resolve conflicts in the evidence. Hays, 907 F.2d at 1456; King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This court does not find facts or try the case de novo when reviewing disability determinations."); Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion."). Indeed, so long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court disagrees with the final outcome. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION

The question before the ALJ was whether Plaintiff was under a "disability" as that term of art is defined for Social Security purposes, at any time between June 1, 2010, and the date of his decision.[1] (Tr. 14). To establish entitlement to benefits, Plaintiff has the burden of proving that she was disabled within the meaning of the Social Security Act. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. § 404.1520(a). The five steps are:

---

[1] Under the Social Security Act, 42 U.S.C. § 301, the term "disability" is defined as an: inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

4

(1) whether claimant is engaged in substantial gainful activity - if yes, not disabled;

(2) whether claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509 - if no, not disabled;

(3) whether claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1, and meets the duration requirement - if yes, disabled;

(4) whether claimant has the residual functional capacity ("RFC") to perform her/his past relevant work - if yes, not disabled; and

(5) whether considering claimant's RFC, age, education, and work experience he/she can make an adjustment to other work - if yes, not disabled.

20 C.F.R. § 404.1520(a)(4)(i-v).

The burden of production and proof rests with the claimant during the first four steps; if claimant is able to carry this burden, then the burden shifts to the Commissioner at the fifth step to show that work the claimant could perform is available in the national economy. Pass, 65 F.3d at 1203. In this case, the ALJ determined at the fifth step that Plaintiff was not disabled. (Tr. 14-24).

First, the ALJ determined that Plaintiff had not engaged in any substantial gainful activity since June 10, 2010, her alleged disability onset date. (Tr. 16). At the second step, the ALJ found that Condition Status Post Cerebral Vascular Accident; Degenerative Disc Disease; Right Ankle Osteoarthritis, Condition Status Post Fusion; Carpal Tunnel Syndrome; and Peripheral

5

Neuropathy Due to Diabetes Mellitus, were severe impairments.[2] (Tr. 16). At the third step, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in 20 C.F.R. 404, Subpart P, Appendix 1. (Tr. 18).

Next, the ALJ assessed Plaintiff's RFC and found that she retained the capacity to perform light work activity, with the following limitations:

> The claimant must be allowed to alternate between sitting and standing but the positional change would not render the claimant off task; the claimant could bilaterally only push and pull up to the frequent level; the claimant could only occasionally operate foot controls bilaterally; the claimant could only occasionally climb ramps or stairs; occasionally climb ropes, ladders, or scaffolds; occasionally balance, crawl, stoop, kneel, or crouch; the claimant could only finger or handle bilaterally up to the frequent level; the claimant would have to avoid hazards such as moving machinery, unprotected heights, and slippery or uneven surfaces; the claimant would be limited to routine tasks with no detailed instructions.

(Tr. 18). In making his finding, the ALJ specifically stated that he "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and SSRs 96-4p and 96-7p." Id.

At the fourth step, the ALJ determined that Plaintiff could not perform her past relevant work as a machine operator, quality control technician, truck driver, property manager, fiberglass machine operator, baby sitter, and flower delivery person. (Tr. 22-23).

At the fifth and final step, the ALJ concluded based on the testimony of the VE and "considering the claimant's age, education, work experience, and residual functional capacity" that

---

[2] The determination at the second step as to whether an impairment is "severe" under the regulations is a *de minimis* test, intended to weed out clearly unmeritorious claims at an early stage. See Bowen v. Yuckert, 482 U.S. 137 (1987).

6

jobs existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 23). Specifically, the VE testified that according to the factors given by the ALJ, occupations claimant could perform included hand packer, retail marker, and small products assembler. (Tr. 23-24). Therefore, the ALJ concluded that Plaintiff was not under a "disability," as defined by the Social Security Act, at any time between June 1, 2010, and the date of his decision, February 10, 2014. (Tr. 24).

Plaintiff on appeal to this Court makes the following assignments of error: (1) the ALJ erred by improperly assessing Plaintiff's mental RFC; and (2) the ALJ failed to ask a proper hypothetical question of the VE. (Document No. 8, pp.3, 5)(citing Tr. 17-23, 57-60). The undersigned will discuss each of these contentions in turn.

**A.    Mental RFC**

In her first assignment of error, Plaintiff argues that the ALJ failed to "consider[] the combined effects of both Humphries' 'severe' and 'non-severe' impairments" and to "explain whether Humphries' mild limitations translated into an actual functional limitation." (Document No. 8, pp.12-13). Plaintiff contends that Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015) instructs "that where an ALJ determines that a claimant suffers from 'mild' or 'moderate' limitations in his or her activities of daily living, social functioning, and ability to maintain concentration, persistence or pace and such limitations are unaccounted for in the RFC, or their absence is unexplained in the analysis . . . remand is required." (Document No. 8, p.14).

Plaintiff acknowledges that "it may very well be the case that the ALJ found Humphries' mild limitations do not translate into a functional limitation on Humphries' ability to work," but she contends that the ALJ's failure to clearly state such a finding requires remand under Mascio.

7

(Document No. 8, p.13). Plaintiff concludes that the ALJ's lack of explanation requires remand. (Document No. 8, p.17).

In response, Defendant argues that Plaintiff's assertion that "findings of 'mild' limitations in the three broad areas of functioning, daily living, social functioning, and the ability to maintain concentration, persistence, or pace, must equate to limitations in the RFC, or at least the ALJ must give good reasons why they do not equate to limitations" – "is factually and legally wrong." (Document No. 10, p.6). Defendant contends that

> What the Fourth Circuit did in *Mascio* was find that because a "moderate" finding has a presumption that it has some "significant[] limits" to basic work activities, the ALJ must discuss what, *if any*, limits to ability to work should be incorporated into the RFC. But *Mascio* never stated that a "mild" limitation, which by definition is one that does not have a significant impact on ability to do basic work, would carry that same presumption.

(Document No. 10, p.7).

Defendant further contends that Plaintiff misrepresents the findings by the ALJ in this case. (Document No. 10, p.8). Defendant notes that the ALJ found that Plaintiff had "'at most, a mild limitation in all of these functional domains' and again, in specific discussion about concentration, persistence or pace, he found that Ms. Humphries 'suffers from, at most, a mild limitation.'" Id. (citing Tr. 17).

In conclusion, Defendant asserts that the ALJ accommodated Plaintiff "with a limitation to 'routine tasks with no detailed instructions.'" (Document No. 10, p.9) (citing Tr. 18). Defendant notes that pursuant to Mascio this finding would be insufficient without more explanation for a moderate (or severe) impairment; however, Mascio does not state it is insufficient for a less than mild (or mild) impairment. (Document No. 10, p.9).

8

As noted above, Plaintiff has declined to file a reply brief that might have explained to the Court how she disagrees with Defendant's interpretation of Mascio.

The undersigned has reviewed the ALJ decision, the briefs, and Mascio, and is not persuaded the ALJ erred in his consideration of Plaintiff's mental limitations. Contrary to Plaintiff's argument, the undersigned finds that the ALJ's decision includes a more than adequate analysis of Plaintiff's mild, or less than mild, mental limitations. (Tr. 17-21). Moreover, it does not appear that Plaintiff is actually alleging based on contradictory evidence in the record that she has limitations that are not addressed by the RFC; rather, she is simply arguing that her "at most, mild limitations" are cause for remand because the ALJ's decision does not apply the same analysis the Fourth Circuit would require for review of "moderate" limitations in concentration, persistence, or pace. (Document No. 8). See also, Guest v. Colvin, 2016 WL 4007612, at *6 (M.D.N.C. July 26, 2016) ("doubt exists as to whether Mascio's holding with regards to concentration, persistence, or pace ("CPP") should apply to the facts of the instant case. The Mascio court held that the ALJ's limitation in the RFC to unskilled work did not sufficiently account for a moderate limitation in CPP the ALJ had found at steps two and three of the SEP.").

The undersigned will highlight below the ALJ's discussion on this issue, which appears to be supported by substantial evidence, and provides ample explanation that Plaintiff's mental impairments create little, if any, functional limitation in her ability to work.

> The claimant also has a history of anxiety and depression; however, the undersigned finds that **these impairments are non-severe**. . . . the claimant's mental status examinations from 2013 support finding that the claimant's anxiety and depression responds extremely well to medication management.
>
> These treatment records support finding that, with proper management and treatment, the claimant's mental symptoms can be well controlled. The[] undersigned finds **little support in these treatment records for finding that the claimant suffers from any**

> **significant limitations** in her activities of daily living, social functioning, or ability to maintain concentration, persistence, or pace because of her mental impairments.
>
> …the claimant suffers from, **at most, a mild limitation** in her ability to maintain concentration, persistence, or pace in a workplace setting because of her anxiety or depression. The **claimant's limitations in this area flow from her stroke, not her anxiety or depression**. Furthermore, while the claimant's **pace for manual tasks** would be **slow** and the claimant reported the **need to take breaks when working**, the claimant's statements at this examination clearly indicate that **this slowing is due to her pain symptoms and not her mental impairments**.

(Tr. 17) (citing Tr. 811-815, 978-994, 1039-1042) (emphasis added)

Later in his decision the ALJ expressly addresses Plaintiff's allegation of disability based on "the functional limitations stemming from a combination of physical and mental impairments." (Tr. 19). The ALJ concluded that the residual effects of Plaintiff's stroke from 2009 "do not support limiting her beyond routine tasks with not detailed instructions in a workplace setting." (Tr. 21) (citing Tr. 178-181). The ALJ notes that between December 2010 and May 2013, Plaintiff's "primary care records outlined **few mental difficulties that would have any impact** on her ability to maintain attention and concentration." (Tr. 21) (citing Tr. 805-810, 816-833, 852-913, 928-943, 950-960, 995-1022) (emphasis added). Then the ALJ observed that by December 2013, Plaintiff's "mental health functioning appeared normal, which undermines the persuasiveness of the claimant's alleged concentration and focus issues related to the residual effects of her stroke." (Tr. 21) (citing Tr. 961-970). "**Overall, even considering the combined impact of all of claimant's impairments, the longitudinal evidence of record does not support limiting the claimant beyond light work subject to the additional limitations outlined with the residual functional capacity**." (Tr. 22) (emphasis added).

Based on the foregoing, the undersigned is persuaded that the ALJ's consideration of Plaintiff's mental limitations was sufficient, and that remand is not appropriate on this issue. It appears that the ALJ decision includes a thorough and well-reasoned explanation for his RFC finding.

**B.  Hypothetical Questions**

Next, Plaintiff challenges the hypothetical questions posed by the ALJ to the VE. (Document No. 8, p.5, 17-20).  Plaintiff argues that the hypothetical(s) did not include all of Plaintiff's limitations, and therefore, "the decision is not supported by substantial evidence." (Document No. 8, p.17).  More specifically, Plaintiff states that "The ALJ asked the VE several variation of hypothetical questions, none of which included a specific frequency of the sit/stand option. (Tr. 57-60)  But in the decision the ALJ said not less than three times the sit/stand must be at will (Tr. 20, 21)."  (Document No. 8, p.18).

Plaintiff appears to argue that remand is required because the ALJ was not sufficiently specific that the sit/stand option "must be **at will**."  (Document No. 8, p.20) (emphasis added).

In response, Defendant correctly notes that the ALJ's hypothetical stated that "[t]he person must be allowed to alternate between sitting and standing."  (Document No. 10, pp.9-10) (quoting Tr. 58).  Defendant argues that "[i]f there is no frequency stated, then the sit or stand option is unambiguously for 'at will.'"  (Document No. 10, p.10) (citations omitted).

The undersigned agrees with Defendant, and finds that Plaintiff's second alleged error is without merit.  The undersigned additionally notes that the ALJ specifically addressed his exchange with the ALJ about the sit/stand option and its impact on jobs Plaintiff could perform.

> Pursuant to SSR 00-4p, the undersigned has determined that the vocational expert's testimony is consistent with the information contained in the Dictionary of Occupational Titles, with the exception of the sit/stand option, which is not considered by the

>     D.O.T. The vocational expert testified that his testimony concerning
>     the sit/stand option is based on his professional experience, and the
>     undersigned accepts the vocational expert's testimony.

(Tr. 24).

The undersigned does not find any error requiring remand based on the ALJ's hypothetical(s).

## IV.  CONCLUSION

Based on the foregoing, the undersigned finds that there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," and thus substantial evidence supports the Commissioner's decision. Richardson v. Perales, 402 U.S. 389, 401 (1971); Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). As such, the undersigned will recommend that the Commissioner's decision be affirmed.

## V.  RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that: Plaintiff's "Motion For Summary Judgment" (Document No. 7) be **DENIED**; "Commissioner's Motion For Summary Judgment" (Document No. 9) be **GRANTED**; and the Commissioner's determination be **AFFIRMED**.

## VI.  TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed **within fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to de novo review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure

to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**IT IS SO RECOMMENDED**.

Signed: October 17, 2016

David C. Keesler
United States Magistrate Judge